County Commissioners — Resignation — Interim Appointments The Governor has authority to make interim appointments to the office of County Commissioner to fill vacancies left by resignations. The Attorney General is in receipt of your letter of June 6, 1968, wherein you request an official opinion from this office. You relate the following facts: At the regular monthly meeting of the Board of County Commissioners of Washington County, Oklahoma, Monday, June 3, 1968, two (2) members of that board announced that they had tendered their resignations as members of the Board of County Commissioners to the Honorable Dewey Bartlett, Governor of the State of Oklahoma, which resignations are to become effective on the 30th day of June, 1968. The Governor must call a special election to fill the two vacancies in the Board of County Commissioners created by these resignations in accordance with the provisions of 19 O.S. 361 [19-361] — 19 O.S. 364 [19-364] (1961). Applying those statutes to the Washington County situation, it would appear that new County Commissioners could not be elected before the 27th day of August, 1968, the date of the next statewide primary election. Therefore, there would be a period of some two months within which Washington County would be without a legally constituted Board of County Commissioners. 19 O.S. 3 [19-3] (1961), sets forth the powers of the County to be exercised by the Board of County Commissioners and provides that a County Commissioner cannot transact any county business as an individual and further provides that any action taken by an individual Commissioner when not acting as a board shall never be subject to ratification by the Board of County Commissioners. From the above facts it appears that on the 30th day of June, 1968, Washington County, Oklahoma, will have only one member on the Board of County Commissioners in office and this one member cannot possibly carry on the duties of the Board of County Commissioners. A special concern is the payment of salaries to all county personnel for the months of July and August and the normal day to day expenditures on the county highway program. You ask the following question: "What steps may be taken to provide for continuity of government in Washington County, Oklahoma from June 30th 1968, the effective date of the resignation of the two county commissioners, until their successors are duly elected and qualified, at some time subsequent to August 27, 1968?" Article VI, Section 2 Oklahoma Constitution, provides: "The Supreme Executive power shall be vested in a Chief Magistrate, who shall be styled `The Governor of the State of Oklahoma.'" Article VI, Section 13 Oklahoma Constitution, provides as follows: "The Governor shall commission all officers not otherwise commissioned by law. All commissions shall run in the name and by the authority of the `State of Oklahoma,' be signed by the Governor, sealed with the Great Seal of the State of Oklahoma, and attested by the Secretary of State. When any office shall become vacant, he shall, unless otherwise provided by law, appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed, and qualified according to law." 19 O.S. 361 [19-361] (1961), provides: "Whenever a vacancy shall occur by death, resignation or removal in the office of County Commissioner, such vacancy shall be filled at a special election to be called by the Governor. If such vacancy occurs within sixty (60) days of any general or other statewide election, such special election herein required shall be fixed upon the day of said general or other statewide election." 19 O.S. 362 [19-362] (1961), provides in part as follows: "Whenever a vacancy occurs, as provided in Section I hereof, the Governor shall, within 30 days after such vacancy occurs, issue his proclamation designating a day upon which an election shall be held throughout the district in which such vacancy exists, to fill such vacancy. The proclamation shall recite the fact of such vacancy, the district and county affected thereby, the date of the primary election to nominate candidates for such vacancy, and the date of the election to fill such vacancy; provided, however, that the date of said election shall be not less than thirty (30) days nor more than sixty (60) days from the date of the primary election specified in the proclamation. . . ." 51 O.S. 10 [51-10] (1961), provides in part: "All vacancies in office, except in offices of members of the Legislature, shall be filled by appointment; . . . "Third: In all other county office, by the County Commissioners, and in the Board of County Commissioners, by the Governor; . . . ." 51 O.S. 10 [51-10] (1967), provides: "(a) All vacancies in state offices, except in offices of the members of the Legislature, members of the House of Representatives from Oklahoma in the Congress of the United States of America and members of the Senate of the United States of America, shall be filled by appointment by the Governor. "(b) All vacancies in the offices of Justices of the Peace and Constables and all vacancies in county offices except the Board of County Commissioners shall be filled by appointment by the Board of County Commissioners." Referring to the quotations above from 51 O.S. 10 [51-10] (1961), and 51 O.S. 10 [51-10] (1967), it is evident that the Legislature took away the power of the Governor to appoint County Commissioners and provided no specific appointive authority. It was thought that the enactment of 19 O.S. 361 [19-361] (1961), et seq., would be sufficient for any emergency that might arise or any vacancy that might occur in the office of County Commissioner. However, we see from your own special situation in Washington County, Oklahoma, that an occasion can arise when there can be a vacuum for at least sixty days in the filling of an office and thus no official board to discharge the duties of the office. The resignation of two County Commissioners at once, rendering the Board powerless to perform official duties, was not anticipated. In the case of State ex tel. Saint, Attorney General et al, v. Irion, Conservation Commissioner,125 So. 567, 169 La. 481, the court said: "The law abhors a vacancy as vigorously as nature abhors a vacuum, and its policy is always to have some one in place to discharge the duties of a public office. So true is this that, even in a doubtful case, as statute providing for the filling of a vacancy must be construed so as to avoid it." 67 C.J.S. Officers, Section 51 (b) (1), sets out the general rule as follows: "While it has been said that the power to fill vacancies is to be narrowly construed, . . . statutes providing for the filling of vacancies must be construed so as to avoid the continuance of the vacancy . . . ." And in 67 C J.S. Officers, Section 51 (b) (2), we find this language: "The power to fill vacancies is not implicit in the executive power of the governor, but must be expressly provided for by law. The power may be exercised only when no other constitutional or statutory provision for filling vacancies exists; . . . When generally empowered, the executive may make a temporary appointment to fill a vacancy notwithstanding the constitution provides it shall be filled by a special election, and, although the power relates merely to temporary appointments, . . . A commission may be granted in anticipation of a vacancy created by resignation, to be effective on the day the resignation takes effect." It is therefore the opinion of the Attorney General that your question should be answered as follows. The Governor of the State of Oklahoma should set a special election upon the day of the primary election, August 27, 1968, for the filling of two vacancies in the office of County Commissioner for Washington County, Oklahoma. This special election will be for the unexpired term of the two County Commissioners who have resigned, and it is immaterial that at the same time Commissioners are being nominated for a full term beginning at the end of the present term of these two commissioners. It is the further opinion of the Attorney General that the Governor of the State of Oklahoma has authority to make interim appointments to the office of County Commissioner of Washington County, Oklahoma to fill the vacancies left by the resignation of the two County Commissioners mentioned in your letter. These appointments will be effective July 1, 1968, and the term of office of such appointee will expire on the day and date the two new County Commissioners are elected and qualified for the unexpired term as provided by law. (W. J. Monroe)